# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:15CR00005 |
| v. | ) **OPINION** |
| HAROLD OWENS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Harold Owens, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

After pleading guilty, the defendant was sentenced by this court on March 31, 2016, to a total term of 248 months imprisonment, consisting of 120 months on Count One of the Indictment, to be followed by a term of 128 months on Count Five. Count One charged the defendant with using a facility of interstate commerce with the intent that a murder be committed as consideration for payment, in violation of 18 U.S.C. § 1958(a), and Count Five charged him with

knowingly using, carrying, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).

Owens initially filed a § 2255 motion on March 31, 2017, one year after the date of his sentencing. In that motion, he asserted two grounds. In his first ground, he contends that his past convictions for distribution of Schedule II controlled substances no longer qualify as predicate offenses following the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In his second ground, he asserts that his 128-month sentence for Count Five exceeds the statutory maximum sentence, which he claims is 60 months.

Owens neglected to sign and date his initial motion. He filed a subsequent § 2255 motion that he signed and dated April 26, 2017. This second motion reiterates the same two grounds asserted in his initial motion. The government moved to dismiss his § 2255 motion as barred by his plea agreement and lacking merit.

Owens then filed another pleading, dated November 7, 2017, and filed November 20, 2017, seeking to amend his motion and transfer his case from the Big Stone Gap division of this court to the Abingdon division. In his proposed amended motion, he seeks to assert five grounds:

1. His attorney was ineffective in allowing him to waive his right to collaterally attack his conviction or sentence;

2. His attorney was ineffective in allowing him to plead guilty without first undergoing a mental health exam, and he was denied due process because his mental health problems prevented him from fully understanding the sentencing proceedings;

3. Because he was sentenced in Abingdon, the Big Stone Gap division lacks jurisdiction to decide his § 2255 motion, and he is being denied due process by having his motion heard in the wrong division;

4. His counsel was ineffective in allowing him to be convicted on Count One when he was not actually guilty of the offense charged because he did not cross state lines or use interstate commerce facilities; moreover, the prosecutor "usurp [sic] the state laws and manufactured jurisdiction within a false indictment for arrest," and "federal agents used entrapment to have undercover informant to record a conversation on the informants [sic] cell-phone without any evidence on who was being recorded," Am. Mot. 3, ECF No. 101-1; and

5. His attorney was ineffective in allowing prior convictions to be considered at sentencing when those convictions were not for serious offenses, "were from one crime", and the defendant had not had counsel when he was convicted of those prior offenses. *Id.*

The magistrate judge ordered Owens to show cause "why the motion to amend should not be denied as futile for presenting time-barred claims and why the amended §2255 motion should relate back to the original §2255 motion when there is no affidavit or averment noting whether or when petitioner deposited the original §2255 motion in the prison mail system for mailing to this court." Order, Dec. 7, 2017, ECF No. 102.

In response to the Order, Owens filed a declaration stating that he was moved around to different federal prisons from August 28, 2017, until October 22, 2017, which he contends interfered with his habeas corpus proceedings. He declares that another inmate assisted him in preparing his initial motion, but that person did not advise him to claim ineffective assistance of counsel. Owens writes that he has no knowledge of the law and cannot file a proper motion without assistance. Accompanying his declaration was a response to the Order. In the response, which is signed by Owens, he writes that his "jail-house lawyer assistant filed or assisted [him] to file" the unsigned motion on March 31, 2017. Response 1, ECF No. 103. He asserts that when he returned to Manchester Federal Correctional Institute in October, legal mail was returned to him undelivered and he found that his former legal assistant was no longer located in that prison. He then secured the services of a new inmate assistant who advised him to assert claims of ineffective assistance of counsel.

The government timely responded to Owens's response and declaration. The government contends that Owens's proposed amendments are untimely and do not relate back to his initial § 2255 motion. The government therefore argues that the Motion to Amend should be denied.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Where, as here, a defendant does not appeal his conviction, the judgment of conviction becomes final when the time for filing an appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003). The judgment in Owens's case was entered on April 1, 2016, and became final fourteen days later on April 15, 2016. *See* Fed. R. App. P. 4(b)(1)(A)(i). Thus, Owens's initial unsigned motion, which he declares was mailed on March 31, 2017, was timely.

Owens's second motion, which was signed, was mailed outside the one-year statute of limitations. It can only be considered timely if it relates back to the date on which the original motion was mailed. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1). I find that the second motion, dated April 26, 2017, is an amendment relating back to the initial motion because it asserts the same two grounds and only adds a signature and date.

The second proposed amendment, however, asserts several new claims. The first four grounds contained in the proposed amendment are entirely different from the two grounds contained in the initial motion. I find that these proposed amendments do not relate back to Owens's original motion and are untimely.[1] The

---

[1] Owens suggests that I should excuse his tardiness in filing these new claims because he is not trained in the law, received bad legal advice from a fellow inmate, and was moved around from prison to prison while his § 2255 motion was pending. He avers that he was initially removed from Manchester FCI on August 28, 2017, several months after the one-year statute of limitations had expired, so his prison transfers have no bearing on the timeliness of his claims. Furthermore, ignorance of the law and reliance on faulty assistance from an untrained fellow inmate do not entitle him to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that equitable tolling is appropriate only when the defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks and citation omitted)); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling").

fifth ground in the proposed amendment does relate back to the original motion because ground one of the original motion pertains to the consideration of prior offenses in calculating Owens's sentence. Therefore, I will grant the Motion to Amend only as to the fifth ground asserted in the proposed amended motion.

As to the remaining four grounds that do not relate back to the original § 2255 motion, I also find that Owens's submission is properly construed as a successive § 2255 motion. When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment. *See, e.g.*, *Gonzalez v. Crosby,* 545 U.S. 524, 530–32 (2005). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). Because Owens offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss grounds one through four of his amended motion without prejudice.

The two grounds asserted in Owens's original § 2255 motion must be dismissed because in his Plea Agreement, Owens waived the right to collaterally attack his conviction or sentence except as to claims of ineffective assistance of

counsel and matters that cannot be waived under the law. During his plea colloquy, I asked if he understood that he was waiving his right to file a collateral attack, and he responded, "Yes." Plea Hrg. Tr. 16, ECF No. 97. Owens's plea of guilty was knowing and voluntary, and his waiver bars the claims asserted in his original § 2255 motion.

As to ground five of his amended motion, criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

Owens cannot satisfy this test. He has not met his burden of establishing that his attorney's performance was unreasonable. Owens's counsel filed a sentencing memorandum in which he argued that Owens's prior convictions

should not render him a career offender under the sentencing guidelines. Counsel further noted that the prior convictions involved minimal amounts of drugs and were the result of Owens's addiction, and therefore did not justify a lengthy sentence.

Even if Owens had shown objectively deficient performance, he cannot establish prejudice. I sentenced Owens below the guideline range of 262 to 327 months. I found that a sentence of 248 months was sufficient but not greater than necessary to comply with the statutory purposes I am required to follow. In reaching this conclusion, I considered the relatively minor nature of his prior crimes. Because Owens can show neither deficient performance nor prejudice, I will grant the government's Motion to Dismiss as to ground five of the amended § 2255 motion.

### III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: January 7, 2019

/s/ James P. Jones
United States District Judge