IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:15CR00005 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD OWENS, A/K/A** | ) | JUDGE JAMES P. JONES |
| **"HAROLD OWEN,"** | ) | |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Donald R. Pender, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, through counsel, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his sentence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidating the residual clause of 18 U.S.C. § 924(c)(3). The United States has filed a Motion to Dismiss, to which the movant has responded. For the reasons stated, I will grant the United States' Motion to Dismiss and deny the defendant's § 2255 motion.

I.

On November 19, 2015, the defendant, Harold Owens, also known as Harold Owen, pleaded guilty pursuant to a written plea agreement to two counts — Counts One and Five — of a five-count Indictment. In exchange for his guilty plea, the United States agreed to dismiss the remaining counts of the Indictment. The plea

agreement also included a collateral attack waiver, which provided that Owens "waive[d] any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." Plea Agreement 9, ECF No. 60.

On March 31, 2016, I sentenced the defendant to a below-guideline term of 248 months imprisonment, consisting of the statutory maximum of 120 months on Count One, to be followed by a term of 128 months on Count Five. Count One charged the defendant with using a facility of interstate commerce with intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a), and Count Five charged him with knowingly using, carrying, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), for which the predicate crime of violence was Count One.

On June 22, 2020, Owens' counsel filed the present § 2255 motion. Because it was Owens' second § 2255 motion, this court stayed action on the motion awaiting a decision by the court of appeals on Owens' request under 28 U.S.C. § 2254 for leave to file a successive motion. That permission came on March 18, 2021.[1]

Owens argues that the predicate offense underlying Count Five — using a facility of interstate commerce with intent that a murder be committed, in violation

---

[1] The government does not raise a statute of limitations defense. The § 2255 motion was filed within one year of the decision in *Davis*. *See* 28 U.S.C. § 2255(f).

of 18 U.S.C. § 1958(a) — does not qualify as a crime of violence. Prior to *Davis*, a crime of violence under § 924(c)(3) was defined by two separate clauses. First, under the force clause, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Second, under the residual clause, a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at § 924(c)(3)(B). In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague, leaving only the force clause intact. 139 S. Ct. at 2324. Owens argues that his § 924(c) conviction should be vacated because the predicate offense does not satisfy the force clause and the residual clause can no longer sustain it.

The government has moved to dismiss the § 2255 petition, first claiming that Owens is barred from raising his *Davis* claim by the collateral attack waiver in his plea agreement.[2] Second, even if the waiver does not bar this collateral attack, the

---

[2] The United States also contends that there is a potential conflict of interest in the Federal Public Defender's Office representing Owens in this proceeding since it had declined to represent him in his original prosecution based on "a conflict of interest with another client." Mot. Withdraw 1, ECF No. 21. However, the court has been assured that any such conflict no longer exists. Resp. 1, ECF No. 142. The United States also objects because the Federal Public Defender was not expressly appointed to file a § 2255 motion for Owens and questions the authority of counsel to speak for the defendant in light of the fact that Owens filed a pro se § 2255 motion on the same grounds after that filed by counsel. The government cites no authority precluding the Federal Public Defender from representing a defendant sentenced by this court in a § 2255 proceeding without

government argues that Owens procedurally defaulted his *Davis* claim by failing to raise the issue on direct appeal, and that the default cannot be excused by a showing of cause and prejudice or actual innocence. Finally, on the merits of his claim, the government maintains that *Davis* does not affect Owen's § 924(c) conviction because the predicate offense alleged in Count One contains as an element the use, attempted use, or threatened use of force to commit murder, and murder remains a crime of violence under § 924(c)'s force clause. The defendant has responded, making the matter ripe for decision.

II.

The government argues that the Court is barred from considering the defendant's *Davis* claim by the collateral attack waiver in his plea agreement. When the government seeks to enforce an appeal or collateral attack waiver, the court will generally enforce the waiver if it is knowing and voluntary and the issue being appealed falls within its scope. *United States v. Dillard*, 891 F.3d 151, 156–57 (4th Cir. 2018). The Fourth Circuit has declined to enforce an otherwise valid waiver, however, as to a narrow class of errors where the district court exceeded its statutory authority to impose a sentence. *United States v. Cornette*, 932 F.3d 204, 209–10

---

appointment and I am confident that counsel is acting with his client's permission. The government also objects because the § 2255 motion has not been signed under penalty of perjury. In light of the fact that the issues involved are purely matters of legal interpretation, I will waive the need for a sworn motion.

(4th Cir. 2019); *United States v. Beck*, 957 F.3d 440, 445 (4th Cir. 2020). Moreover, the Fourth Circuit has refused to enforce a valid waiver "'if to do so would result in a miscarriage of justice.'" *United States v. Sweeney*, 833 F. App'x 395, 396 (4th Cir. 2021) (unpublished) (quoting *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)). A finding of actual innocence is sufficient to satisfy the miscarriage of justice requirement. *Id.* at 396.

For example, in *Beck*, the Fourth Circuit held that an appeal waiver did not bar the defendant from challenging his conviction under a statute that failed to state an offense. 957 F.3d at 445. The court reasoned that his claim "fell outside the scope" of his appeal waiver because absent a valid statutory basis, the court lacked the authority to convict the defendant or impose a sentence. *Id.*

Similarly, in *Cornette*, the Fourth Circuit declined to enforce a collateral attack waiver to bar the petition's challenge to his sentence enhancement under the residual clause of the Armed Career Criminal Act (ACCA), which the Supreme Court struck down as unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015). *Cornette*, 932 F.3d at 210. The court reasoned that because *Johnson* applied retroactively on collateral review, "the district court is now deemed to have had no statutory authority to impose Cornette's sentence." *Id.* The court emphasized that this element of retroactivity distinguished the petitioner's challenge from an appeal or collateral attack based on non-retroactive subsequent changes in

sentencing laws or other favorable changes in the law, which have been bound by the waiver. *Id.*

While I might decline to enforce the plea waiver based on these principles, I need not reach that question, since I find that the claim has been procedurally defaulted.

## II.

I thus turn to whether Owens may collaterally challenge his conviction. To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The defendant's *Davis* claim clearly falls under § 2255(a)'s first prong, as the Supreme Court held § 924(c)'s residual clause was unconstitutionally vague and violated due process. However, the government argues that Owens procedurally defaulted his *Davis* claim because he did not raise it earlier during his prosecution, which normally precludes collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant may overcome procedural default by showing either

cause and prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The government argues that Owens is unable to satisfy neither standard. I agree.

### A. CAUSE AND PREJUDICE

A defendant can show cause to overcome a default when the Supreme Court establishes "a new constitutional rule, representing a clear break with the past," that is "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16–17 (1984) (internal quotation marks and citation omitted). In *Bousley*, the Supreme Court held that the basis for the defendant's claim was "surely not a novel one" where the "Federal Reporters were replete with cases involving challenges" based on the same theory. 523 U.S. at 622. The Court further explained that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at 623 (internal quotation marks and citation omitted).

In light of *Bousley*, Owens cannot establish cause to excuse his procedural default. At the time of Owens' guilty plea, the Supreme Court had already decided *United States v. Johnson*, 576 U.S. 591 (2015), which invalided the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. *Johnson* marked a clear departure from prior precedent and foreshadowed the outcome in *Davis*, which invalidated similar statutory language. It would not have been

farfetched for Owens to argue on direct appeal that *Johnson*'s reasoning should be extended to § 924(c)'s residual clause and his conviction would therefore be invalid. It certainly was not novel, as numerous other defendants had advanced similar arguments during the period between the *Johnson* and *Davis* decisions. *See, e.g., United States v. Hernandez*, No. 14-cr-00120-EMC-6, 2020 WL 4349850, at *4 (N.D. Cal., July 7, 2020) (collecting cases). It is certainly true that not all courts had held that § 924(c)'s residual clause was unconstitutional at the time of Owens' guilty plea, including in the Fourth Circuit. However, *Bousley* makes clear that mere futility is not sufficient to establish cause. Because I find that Owens cannot demonstrate cause, I do not need to consider whether he can establish prejudice.

## B. ACTUAL INNOCENCE

To establish actual innocence, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citations omitted). "'Actual innocence' means factual innocence, not mere legal sufficiency." *Id.* The Fourth Circuit determined that a defendant was factually innocent as contemplated by *Bousley* of his felon-in-possession charge where, after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his prior convictions were not actually felonies. *United States v. Adams*, 814 F.3d 178, 183–84 (4th Cir. 2016). The court reasoned that "it

is impossible for the government to prove one of the required elements of a § 922(g)(1) charge" because the defendant was "'in fact' not a felon." *Id.* at 183.

Owens' claim of actual innocence presumably follows the same logic as *Adams* — that is, under *Bousley*, Owens is factually innocent because his predicate offense was not a crime of violence, and it is therefore impossible for the government to prove one of the required elements for his § 924(c) charge. However, unlike the defendant in *Adams*, who was in fact not a felon under Fourth Circuit precedent, no court has determined that Owens' predicate offense does not qualify as a crime of violence. It is therefore not impossible for his § 924(c) conviction to be affirmed, and accordingly, he is not factually innocent under the *Bousley* rule. In fact, to conclude otherwise would lead to the actual innocence inquiry being enmeshed with the merits of a collateral attack, which would render meaningless the gatekeeping requirements for raising a claim for the first time under § 2255.

In sum, I find that Owens has procedurally defaulted his *Davis* claim.

### III.

For these reasons, I will grant the United States' Motion to Dismiss, ECF No. 136, and deny the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 126. A separate Final Order will be entered herewith.

DATED:  November 24, 2021

/s/  JAMES P. JONES
Senior United States District Judge